**UNITED STATES, Appellee,**

v.

**Private E-1 Robert L. SMITH, 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, United States Army, Appellant.**

**CM 448792.**

U.S. Army Court of Military Review.

12 Jan. 1987.

For Appellant: Major Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Major Allan L. Placke, JAGC–USAR, Captain Stephanie C. Spahn, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Mark P. Sposato, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

In accordance with his pleas, appellant was found guilty by a military judge sitting as a general court-martial of two specifications of absence without leave, willful damage to private property, and larceny in violation of Articles 86, 109, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 909, and 921 (1982), respectively. He was sentenced to a bad-conduct discharge, confinement for 18 months, and forfeiture of $400.00 pay per month for 18 months. The convening authority approved the sentence.

Appellant alleges three errors, only two of which warrant discussion. Appellant alleges that the sentence should be set aside and a sentence rehearing ordered because the military judge failed to accord proper weight to appellant's unsworn statement in extenuation and mitigation. He also alleges that the military judge erred in not crediting appellant with 14 days pretrial confinement. We disagree and affirm.

The offenses arose out of an incident in which appellant and a fellow soldier vandalized a new barracks building soon to be occupied by his unit. They brushed and poured paint on walls, doors, floors, and fixtures of the newly constructed building. In an unsworn statement during the presentencing proceeding, appellant indicated that they had been drinking. When asked why he had written "KKK" on the barracks walls he stated, "At the time I didn't even—I didn't even realize what I'd wrote [sic] on the barracks until the next day and Champlain had told me what I'd been writing on the wall." Later he indicated that if he had not been drinking he would not have tried "anything that stupid."

After the defense rested, the following colloquy occurred:

TC: One thing, your honor. During providency [sic] inquiry, under oath the accused stated that he had discussed committing this offense with his associates, and then had an [sic] all day where he was on duty and not intoxicated to reflect on it, according to his own statement in providency [sic] inquiry, before the evening when he committed the offenses. The government would request that that be used as rebuttal to his statement about not knowing what he was doing when he committed the offenses, his statement about that in his unsworn testimony.

MJ: Well, that's not proper rebuttal. Obviously, it's part of your argument. Further, *unsworn statements are not evidence.* The accused, you will recall, specifically acknowledged that he knew what he was doing on the night in question, the events involved with the painting and the stealing of the paint.

Record at 64–65 (emphasis added).

Appellant contends that the military judge was in error when he ruled the unsworn statement is not evidence and therefore did not accord it proper weight. Manual for Courts-Martial, United States, 1969 (Rev. ed.), Paragraph 75(c)(2), [hereinafter

cited as M.C.M., 1969], provides, in pertinent part, "[t]his unsworn statement is not evidence, and the accused cannot be cross-examined upon it, but the prosecution may rebut statements of fact therein by evidence." Appellant contends that the principle that an unsworn statement is not evidence was rejected because the statement was deleted from the more recent Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1001(c)(2)(C) [hereinafter cited as R.C.M.].[1]

■ Appellant is mistaken in his belief that the principle that an unsworn statement is not evidence was rejected by the adoption of the Manual for Courts-Martial, United States, 1984. The statement was deleted prior to the adoption of the 1984 Manual in a revision of paragraph 75(c)(2), M.C.M., 1969, by Change 5 dated 29 July 1981.[2] We believe that the statement was deleted, not because it was intended to change the nature of the principle involved, but because the principle was so well established that its restatement was unnecessary. As was stated by Chief Judge Everett in *United States v. Breese*, 11 M.J. 17, 24 (C.M.A.1981), "[t]he truth of the matter is that these statements are *not* made under oath and, thus, the 'unsworn statement is not evidence'." (Emphasis in original.) We agree with the principle that an unsworn statement given in extenuation and mitigation is not evidence.

■ A review of the record convinces us that the military judge's remarks, taken in context, were intended to be an explanation of why he would not consider appellant's sworn statement in the providence inquiry as rebuttal to the appellant's unsworn statement during the presentencing procedure.[3] It is presumed that the mili-

tary judge gave proper weight to the information presented in appellant's unsworn statement unless the record shows otherwise. *See United States v. Montgomery*, 42 C.M.R. 227, 231 (C.M.A.1970). We are convinced that the military judge gave the statement its proper weight.

■ Appellant alleges that the military judge erred by failing to credit him with 14 additional days of pretrial confinement. During the presentencing procedure, pretrial confinement was calculated to be sixty-six days. Upon specific inquiry by the military judge, trial defense counsel stated, "Yes, sir, we count 66 as well." Further, trial defense counsel agreed that the information was correct. During an unsworn statement, appellant informed the court, "Well, the first time I turned myself in, they sent me to Fort Knox, Kentucky—I mean the Fort Campbell stockade there. I was held there for a week. Then they sent me to Fort Knox, Kentucky, *PCF*. I spent a week there and they put me on excess leave...." (Emphasis added.) In his Assignment of Error and Brief appellate defense counsel apparently misinterpreted the abbreviation "PCF" as "Personnel Confinement Facility."[4] Army Regulation 310–50, Military Publications: Authorized Abbreviations Brevity Codes, and Acronyms, 53 (15 Nov. 1985) defines a PCF as a Personnel Control Facility. A PCF is not a confinement facility, but a unit to which personnel are assigned after return to military control from long periods of absence without leave. We will view appellant's allegation, however, as an allegation of restriction tantamount to confinement. *See United States v. Smith*, 20 M.J. 528 (A.C.

---

1. R.C.M. 1001(c)(2)(C), provides,

    (C) *Unsworn Statement.* The accused may make an unsworn statement and may not be cross-examined by the trial counsel upon it or examined upon it by the court-martial. The prosecution may, however, rebut any statement of facts therein. The unsworn statement may be oral, written, or both, and may be made by the accused.

2. For a history of the unsworn statement in courts-martial, *see United States v. Harris*, 13 M.J. 653, 655–656 (N.M.C.M.R.1982) (Byrne, J., concurring).

3. The military judge's ruling appears to have been a windfall to appellant. *See United States v. Holt*, 22 M.J. 553 (A.C.M.R.1986).

4. Appellate defense counsel acknowledged the misinterpretation in a subsequent motion.

M.R.1985). Based upon the sparse evidence of record and the fact that the objection was not raised at trial, we find that there was no restriction tantamount to confinement. *See United States v. Bennett,* 23 M.J. 664 (A.C.M.R.1986).

The remaining assignment of error is without merit. The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY concurs.

Judge KENNETT took no part in the decision of this case.