**UNITED STATES, Appellee,**

v.

**Private E2 James A. PIERCE,
534–88–6729, United States
Army, Appellant.**

**ACMR 8700048.**

U.S. Army Court of Military Review.

28 July 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before HOLDAWAY, CARMICHAEL and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT
ON REMAND

CARMICHAEL, Judge:

The appellant was tried by a military judge sitting as a general court-martial on 8 January 1987. Pursuant to his negotiated pleas, he was convicted of larceny, wrongful appropriation, two assaults consummated by a battery, drunk and disorderly conduct, and two absenses without leave. This court found no merit in the error alleged by appellate defense counsel, or in the error personally raised by the appellant. On 30 October 1987, we affirmed the conviction and a sentence to a bad-conduct discharge, confinement for ten months, forfeiture of $328.00 pay per month for ten months, and reduction to Private E1. *United States v. Pierce*, 25 M.J. 607 (A.C.M.R.1987).

The United States Court of Military Appeals granted the appellant's petition for review of the following issue:

WHETHER REFERRAL TO A COURT-MARTIAL OF AN OFFENSE FOR WHICH APPELLANT HAD BEEN PREVIOUSLY PUNISHED CONSTITUTED A DENIAL OF MILITARY DUE PROCESS AND A VIOLATION OF ARTICLE 13, [UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 813 (1982)].

*United States v. Pierce*, 26 M.J. 279 (C.M.A.1988) (order granting petition for review).

This issue arose because the appellant had earlier received nonjudicial punishment for the larceny charge of which he now stands convicted. That charge was included with the several other charges which were referred for trial by general court-martial. The Court of Military Appeals found, as we had, that the imposition of nonjudicial punishment for a serious offense did not bar the servicemember's subsequent court-martial for the same offense. *United States v. Pierce*, 27 M.J. 367, 368

(C.M.A.1989). It also found that the former jeopardy and prior punishment articles of the Uniform Code of Military Justice, Articles 44 and 13, 10 U.S.C. §§ 844, 813, respectively, did not apply to nonjudicial punishment proceedings. 27 M.J. at 368. Further, absent a showing of bad faith or sinister purpose, such prosecutions do not violate military due process of law. 27 M.J. at 368–69.

The Court of Military Appeals also agreed with our determination that the appellant had not been unfairly singled out for prosecution. 27 M.J. at 369. What disturbed the Court, however, was the possibility that this appellant had been twice punished for the same offense. *Id.* The Court also expressed due process concerns about the use of such nonjudicial punishment records by the government for either judicial or administrative purposes. 27 M.J. at 369, n. 4. In the instant case, the Court was not satisfied with the military judge's comment that he would consider the nonjudicial punishment in deciding the appellant's sentence because it did not know what the judge meant by this "pronouncement." 27 M.J. at 370.

As a result, our decision as to the sentence was set aside and the case was returned to us for further review. The Court mandates that we either ascertain from the military judge what he meant by his pronouncement, or that we adjust the sentence to assure the appellant was not twice punished for larceny. 27 M.J. at 370. With regard to the possible due process violation of double punishment, the Court stressed that an accused must be given complete credit for nonjudicial punishment that has been executed—"day-for-day, dollar-for-dollar, [and] stripe-for-stripe." 27 M.J. at 369. It suggested possibly resurrecting the "Table of Equivalent Punishments" to assure any accused in the appellant's situation receives complete credit for prior punishment.[1] *Id.*

---

1. This suggestion recognizes the difficulties in reconciling some kinds of nonjudicial punishments with punishments imposed by court-martial. As we read *Pierce,* the Court favors a standardized equivalency of punishments for-

mula to assure adequacy of credit for such nonjudicial punishments as extra duty and restriction. It also believes that the convening authority is in the best position to give this credit. "[T]he best place to repose the responsibility to

■ In all fairness to the military judge in this case, he could not have anticipated the Court of Military Appeals' adoption in *Pierce* of a complete credit rule for nonjudicial punishment. Article 15(f) of the Uniform Code of Military Justice, 10 U.S.C. § 815(f) (1982) [hereinafter UCMJ], states that the fact that nonjudicial punishment has been enforced "may be shown by the accused upon trial, and when so shown shall be *considered in determining the measure of punishment to be adjudged in the event of a finding of guilty."* (Emphasis added.) The Manual for Courts–Martial [2] states "the accused may show at trial that nonjudicial punishment was imposed [for the same offense of which he stands convicted], and if the accused does so, *this fact must be considered in determining an appropriate sentence."* Part V, para. 1(e) (emphasis added) (citations omitted). Finally, M.C.M., 1984, Rule for Courts–Martial 1001(c)(1)(B) pertains to matter in mitigation which may be presented by the defense during the sentencing proceedings. Such matter "includes the fact that nonjudicial punishment under Article 15 has been imposed for an offense growing out of the same act or omission that constitutes the offense of which the accused has been found guilty." Hence, the law at the time of the appellant's trial required the military judge to do just what he did as the sentencing authority, to wit: consider the nonjudicial punishment re-

ceived by the appellant as a matter in mitigation in determining an appropriate sentence.[3] We are satisfied from the record that the military judge fully complied with pre-*Pierce* principles of law. In light of *Pierce,* appellate defense counsel argue that we should adopt a prophylactic rule to assure the uniform application of the decision. The suggested rule would require the convening authority to set aside the nonjudicial punishment before trial in those rare instances when an accused's nonjudicial punishment and court-martial involve the same offense. The accused would have his rights and privileges restored and at least some of the calculations required by *Pierce* would not come into play.[4] Further, military due process issues arising from the use of a nonjudicial punishment *record* would be avoided if the proceedings were set aside before trial.

We believe the *Pierce* decision, together with pertinent provisions of Army Regulation 27–10, Legal Services: Military Justice (1 July 1984), provides the convening authority this option. Paragraph 3–28*a* of Army Regulation 27–10 states that the standard for setting aside nonjudicial punishment is a determination that it has resulted in a "clear injustice." Although not included in the paragraph's definition of clear injustice, we find that the failure to grant the complete credit required by *Pierce* would so qualify. However, we de-

ensure that credit is given is the convening authority." *Pierce,* 27 M.J. at 369, n. 5. (Citation omitted.)

Where the sentencing forum consists of court members, the military judge is well advised to leave the application of *Pierce* to the convening authority. In this situation, we recommend the judge alert the convening authority of the necessity for complete credit after the sentence has been announced and the members released.

If the military judge is the sentencing authority and, notwithstanding the Court of Military Appeals' avowed preference, decides to give credit, the judge must specifically state the manner in which credit was calculated, not merely that the nonjudicial punishment was considered in mitigation. One approach is for the military judge to announce the sentence and then state on the record the specific credit that was given for prior nonjudicial punishment in arriving at the sentence. In our opinion, this would comply with the *Pierce* mandate.

2. Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984].

3. The military judge expressed on the record his agreement with the defense counsel that he was *required to consider the punishment in determining an appropriate sentence,* and that the punishment would "obviously be so considered." However, he could not foresee that the Court of Military Appeals would require him to use a "Table of Equivalent Punishments" in arriving at a sentence.

4. Our understanding of *Pierce* is that setting aside the record of nonjudicial punishment will not suffice to provide complete credit for executed deprivation of liberty and/or extra duty. In such instances, credit still must be given. *See* n. 1, *supra.*

cline to require the convening authority to set aside nonjudicial punishment for a serious offense because he later decides that the accused should be tried for that same offense. in such cases, the convening authority is authorized, but not required, to set aside the nonjudicial punishment before trial.

■ With respect to this case, exercising what leeway the Court of Military Appeals has allowed us, we elect to reassess rather than adjust the sentence. We are persuaded that, under these circumstances, reassessment will suffice for sentence adjustment and thus fully comply with the Court's mandate. The larceny charge is *sui generis* only because of its relative seriousness. The appellant also wrongfully appropriated another soldier's car, struck two soldiers with his closed fists, was drunk and disorderly, and absented himself without leave on two occasions. The trial counsel presented extensive evidence in aggravation concerning the two assaults and the drunk and disorderly charge. A pattern of service emerges which identifies the appellant as having little potential for honorable service in the. future. As a matter of fact, the appellant requested his counsel to argue for imposition of a bad-conduct discharge.

■ In determining a legally correct and appropriate sentence, we have carefully reviewed the entire record. We have considered, *inter alia*, the specific punishments received by the appellant for larceny prior to trial, and the nature and surrounding circumstances of all the offenses which the appellant committed. *See Pierce*, 27 M.J. at 369–70; *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986) (Courts of Military Review may reassess if they can reliably determine that sentence would have been of a certain magnitude). Of course, paramount to this process is fulfillment of our Article 66(c), UCMJ, 10 U.S.C. § 866(c), responsibilities. We do not believe that *Pierce* stands for the proposition that, in cases such as these, we are to develop and apply a rigid equivalency of punishments

formula in determining the appropriateness of the sentence.

To interpret the *Pierce* decision thusly would substitute a *deus ex machina* for our independent responsibility to determine appropriate sentences. The issue before us is one of military due process of law raised by the possibility that the appellant was punished twice for the same offense. Our resolution of the issue, both to ensure an appropriate sentence and to promote finality of review, is to presume a due process violation and meaningfully reassess the sentence.

Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for eight months, forfeiture of $220.00 pay per month for eight months, and reduction to Private E1.[5]

Chief Judge HOLDAWAY and Judge GIUNTINI concur.

---

5. The Court of Military Appeals did not disturb that part of our earlier decision affirming the findings of guilty, but only set aside the appellant's sentence.