**UNITED STATES, Appellee,**

v.

**Specialist Jose E. VILLAMIL–PEREZ,
582–65–0910, United States
Army, Appellant.**

**ACMR 8801118.**

U.S. Army Court of Military Review.

15 Sept. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before KANE, GILLEY and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, the appellant was convicted by a military judge, sitting as a general court-martial, of conspiracy to

wrongfully distribute cocaine and of wrongful distribution of cocaine, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1984). The convening authority approved the sentence of a dishonorable discharge, confinement for four years, and reduction to the grade of Private El, but suspended for one year confinement in excess of twenty-five months, with provision for automatic remission of that confinement.

The appellant contends that the military judge erred by denying two defense motions for sentence credit, one for pretrial punishment in violation of Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813, and the other for pretrial restriction tantamount to confinement. We find that the military judge properly denied sentence credit.

▪ Shortly after the appellant was apprehended for these offenses, his supervising officer, the battalion motor officer, directed the posting on the work area bulletin board of a Serious Incident Report (SIR) that included unfavorable information. The SIR described the alleged offenses, the appellant's military history that included a letter of reprimand signed by a general officer for driving while intoxicated, and references to the appellant's family. Three or four days after the posting, the appellant complained to the battalion command sergeant major, who in turn ordered removal of the SIR. The military judge ruled that Article 13 was not violated, but stated that his ruling may well have been different had the appellant's commander, as opposed to an officer not in the chain of command, directed posting of the SIR. We disagree with that reading of Article 13. In our opinion, Article 13 proscribes pretrial punishment by anyone in authority over that servicemember.

Article 13 provides pertinently that "No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending...." That article does not provide that only a commander may violate it. Indeed, Congress did provide

such specificity in Article 138, Uniform Code of Military Justice, by limiting actionable wrongs to those committed by commanders. Moreover, the Court of Military Appeals has recognized that "punishment or penalty" may in fact be imposed by persons other than commanders in violation of Article 13. In *United States v. Pringle*, 41 C.M.R. 324, 326 (C.M.A.1970), commingling of a detainee with sentenced prisoners at a confinement facility outside the command of the convening authority violated Article 13. As here, the accused's commander did not control the confinement facility.

Additionally, Congress certainly appears to have intended to prohibit pretrial punishment of an accused by any official in a position of authority over the accused. *See United States v. Bruce*, 14 M.J. 254 (C.M.A.1982) (military prison authorities). The Army structure frequently separates the chain of authority for daily duties as a chain of "supervision" exercised by persons other than the "commander." As illustrated by this case, the need for Article 13 can be as great in a supervisor-controlled environment as in a commander-controlled context. Hence, we do not accept a truncation of Article 13 from its full application where it could mean the most to this married soldier who normally resided away from the barracks.

▪ Nevertheless, we find the posting of the SIR in the appellant's place of his principal daily duties was not "punishment or a penalty." All of the information except for the alleged new offenses would reasonably have been known to personnel with duties at the appellant's workplace. Further, the fact that a soldier has been charged with certain offenses need not be secret. Finally, this posting of alleged offenses, which included readily known personal information, does not amount to apparent command final determination of guilt or the opprobrium found in *United States v. Cruz*, 25 M.J. 326 (C.M.A.1987).

▪ As to the issue of restriction tantamount to confinement, the appellant was apprehended on a Saturday. The company commander directed his restriction to the

barracks from that evening until about 1800 hours, the next Monday. The appellant was accompanied around the barracks and to the latrine, could go to the dining facility escorted, and apparently missed normal duties on Monday. He was not shackled and his escort was unarmed. That closely monitored, relatively brief restriction reasonably did not amount to confinement. Accordingly, we find that the military judge did not abuse his discretion. *See United States v. Gregory*, 21 M.J. 952, 954 (A.C.M.R.), *affirmed*, 23 M.J. 246 (C.M.A.1986) (summary disposition); *Wiggins v.*

*Greenwald,* 20 M.J. 823 (A.C.M.R.), *petition denied,* 20 M.J. 196 (C.M.A.1985).

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI concur.