**UNITED STATES, Appellee,**

v.

**Private E1 Vester C. MOORE, 423–06–6272, United States Army, Appellant.**

**ACMR 9001534.**

U.S. Army Court of Military Review.

17 April 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Thomas E. Booth, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. In accordance with his pleas, he was found guilty of twenty-seven specifications of theft of telephone * services in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for twenty months, and forfeiture of all pay and allowances. The convening authority reduced the confinement to fourteen months but otherwise approved the sentence.

Before this court, appellant asserts that the military judge erred in not granting him 110 days of administrative credit for unlawful pretrial punishment. We find no error but will reassess the sentence.

Appellant had a prior conviction by court-martial for offenses unrelated to the offenses now before this court. Between the two trials he was restricted to the company area for 110 days. At trial, counsel conceded, at the prompting of the military judge, that the restriction was not part of the prior court-martial sentence but was pretrial punishment.[1] The military judge announced that he would consider the restriction in arriving at an appropriate sentence. Before announcing sentence, the military judge stated, "I am not declaring that he be given administrative credit [for the restriction], however, I have considered that fact in determining what I think's an appropriate sentence."

Appellant contends that, applying *United States v. Pierce*, 27 M.J. 367 (C.M.A.1989), the military judge's announcement that he would consider prior punishment was insufficient to ensure appellant did not receive double punishment. In *Pierce*, the Court of Military Appeals held that a servicemember cannot be twice punished where prior nonjudicial punishment was imposed for the same serious offense for which an accused was sentenced by a later court-martial. The court held that in those rare cases the servicemember must be given complete credit for the nonjudicial punishment and that the nonjudicial punishment could not be used for any purpose at the trial.[2]

We do not believe, however, that this is a case in which *Pierce* should be applied. In

---

* Corrected.

1. The facts surrounding the restriction were not developed at trial. Trial counsel's concession is based upon what appears from the record to be a surprised reaction to this issue when raised by the military judge. Had the facts been developed at trial, this issue might ** not be before us. We are now bound, however, by the trial counsel's concession.
** Corrected.

2. The Court of Military Appeals held that the best place to repose the responsibility to insure that credit is given is the convening authority. *Pierce*, 27 M.J. at 369. This court, however, recognizing its responsibilities under Article 66(c), UCMJ, 10 U.S.C. § 866(c), reassessed the sentence. *United States v. Pierce*, 28 M.J. 1040 (A.C.M.R.1989).

the case before us, unlike *Pierce*, appellant was not punished for the same offense by nonjudicial punishment imposed under Article 15, UCMJ. Further, this is not a case where appellant must be given credit for restriction tantamount to confinement. *See United States v. Mason*, 19 M.J. 274 (C.M.A.1985) (summary disposition). *See also United States v. Smith*, 20 M.J. 528 (A.C.M.R.1985), *pet. denied*, 21 M.J. 169 (C.M.A.1985) and *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.1986), *aff'd*, 23 M.J. 246 (C.M.A.1986).

In view of the trial counsel's concession at trial, this case is more closely related to those cases where punishment was imposed before trial in violation of Article 13, UCMJ. *See United States v. Cruz*, 25 M.J. 326 (C.M.A.1987) and *United States v. Nelson*, 39 C.M.R. 177 (C.M.A.1969). *See also United States v. Hoover*, 24 M.J. 874 (A.C.M.R.1987).

We believe that the military judge's consideration of the prior punishment and his explanation was sufficient. In an abundance of caution, we will take appropriate action. Where unlawful punishment has been imposed in violation of Article 13, UCMJ, reassessment of the sentence is appropriate. *Nelson*, 39 C.M.R. at 181–182; *Hoover*, 24 M.J. at 878.

We have examined the assertion personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find it to be without merit.

The findings of guilty are affirmed. Reassessing the sentence in light of the prior unlawful punishment, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for twelve months, and forfeiture of all pay and allowances.

Judges NAUGHTON and VARO concur.