UNITED STATES, Appellee,

v.

Jose E. VILLAMIL–PEREZ, Specialist
Four, U.S. Army, Appellant.

No. 64,204.

CM 8801118.

U.S. Court of Military Appeals.

Argued Jan. 9, 1991.

Decided May 29, 1991.

For Appellant: *Captain Pamela J. Dom-
inisse* (argued); *Captain Timothy P. Riley*
(on brief).

For Appellee: *Captain Timothy J. Savi-
ano* (argued); *Colonel Alfred F. Arquilla,
Lieutenant Colonel Daniel J. Dell'Orto,
Captain Denise J. Arn* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During May of 1988, appellant was tried
by a general court-martial composed of a
military judge sitting alone at Fort Carson,
Colorado.  Contrary to his pleas, he was
found guilty of conspiracy to distribute co-
caine and distribution of cocaine, in viola-
tion of Articles 81 and 112a, Uniform Code
of Military Justice, 10 USC §§ 881 and
912a, respectively.  He was sentenced to a
dishonorable discharge, confinement for 4

years, and reduction to pay grade E–1. On July 14, 1988, the convening authority approved the sentence, but suspended confinement in excess of 25 months for 1 year. On September 15, 1989, the Court of Military Review affirmed the findings of guilty and the sentence. 29 MJ 524.

On May 21, 1990, this Court specified the following issues for review. 31 M.J. 405.

## I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED WHEN IT CONCLUDED THAT APPELLANT DID NOT SUFFER PRIOR PUNISHMENT WHEN THE OFFICER IN CHARGE OF HIS SECTION POSTED THE REPORT OF HIS ALLEGED OFFENSE AND OTHER ADVERSE INFORMATION ON THE SECTION BULLETIN BOARD. *SEE UNITED STATES V. CRUZ*, 25 MJ 326 (CMA 1987).

## II

IF SO, WHAT REMEDY IS AVAILABLE TO APPELLANT FOR THE HARM SUFFERED?

We hold that both the military judge and the Court of Military Review erred in holding that no pretrial punishment occurred in this case. *See generally United States v. Cruz*, 25 MJ 326 (CMA 1987). However, we also hold that the record before us fails to show that substantial prejudice resulted from this prior punishment, so no further remedial action is warranted. Art. 59(a), UCMJ, 10 USC § 859(a). *See generally United States v. Valead*, 32 MJ 122 (CMA 1991).

Appellant made a pretrial motion for dismissal of the charges against him or for sentence credit for pretrial punishment in violation of Article 13, UCMJ, 10 USC § 813. The prosecution opposed the motion. The military judge initially ruled that dismissal was an inappropriate remedy. He later ruled:

In regard to the prior punishment issue: On the evidence I have heard—the posting of Defense Exhibit A (that serious incident report) on the bulletin board by the battalion—at the battalion motor pool, at the direction of the battalion motor officer, does not constitute unlawful pretrial punishment prohibited by Article 13. Had this been done by the accused's commander, and done on the unit bulletin board, the ruling might very well be different, but that's not what happened here. No one in the chain of command had anything to do with posting that, and when the command learned of it, it was quickly removed. Now, the accused's rights may very well have been infringed under the Federal Privacy Act; his rights may have very well have been violated there; I don't know. But, if that's so, his remedy is somewhere other than in this court.

The Court of Military Review made the following comments concerning this motion denial:

The appellant contends that the military judge erred by denying two defense motions for sentence credit, one for pretrial punishment in violation of Article 13, Uniform Code of Military Justice, 10 USC § 813, and the other for pretrial restriction tantamount to confinement. We find that the military judge properly denied sentence credit.

Shortly after the appellant was apprehended for these offenses, his supervising officer, the battalion motor officer, directed the posting on the work area bulletin board of a Serious Incident Report (SIR) that included unfavorable information. The SIR described the alleged offenses, the appellant's military history that included a letter of reprimand signed by a general officer for driving while intoxicated, and references to the appellant's family. Three or four days after the posting, the appellant complained to the battalion command sergeant major, who in turn ordered removal of the SIR. The military judge ruled that Article 13 was not violated, but stated that his ruling may well have been

different had the appellant's commander, as opposed to an officer not in the chain of command, directed posting of the SIR. *We disagree with that reading of Article 13. In our opinion, Article 13 proscribes pretrial punishment by anyone in authority over that servicemember.*

\*　　\*　　\*　　\*　　\*　　\*

Nevertheless, we find the posting of the SIR in the appellant's place of his principal daily duties was not "punishment or a penalty." All of the information except for the alleged new offenses would reasonably have been known to personnel with duties at the appellant's workplace. Further, the fact that a soldier has been charged with certain offenses need not be secret. Finally, this posting of alleged offenses, which included readily known personal information, does not amount to apparent command final determination of guilt or the opprobrium found in *United States v. Cruz,* 25 MJ 326 (CMA 1987).

(Emphasis added.)

–　–　–　–

■ At the outset we note our agreement with the initial holding of the Court of Military Review on the scope of Article 13. The military judge did err in implying that this codal provision was not broad enough to prohibit pretrial punishment by an officer outside an accused's chain of command. This is especially true in the present case where such action was accomplished by a military officer with supervisory responsibility over appellant, a subordinate enlisted man. The distinction carved by the military judge in this case is one without meaning, at least for purposes of Article 13. *See generally United States v. James,* 28 MJ 214 (CMA 1989).

■ We next note our disagreement with the holding of the court below that the posting of this report of suspected drug offenses was not pretrial punishment. First, the public display of this Serious Incident Report (SIR) violated service regulations. *See* paras. 1–5 and 1–6, Army Regulation 190–40, Serious Incident Report (14 Aug 1985).[1] Moreover, its publication by direction of a military officer called attention to appellant's arrest in a formal manner and noted for all appellant's refusal to talk to his company commander about the incident. *See United States v. Cole,* 17 USCMA 296, 38 CMR 94 (1967). Finally, it contained additional derogatory information concerning his prior arrest for driving under the influence and a letter of reprimand. Clearly, the nature of this report and the circumstances of its publication distinguish it from the usual newspaper article and constitute it as a form of public denunciation and military degradation prohibited by Article 13. *See United States v. Cruz, supra.*

■ Nevertheless, the illegality of appellant's pretrial treatment, both on a regulatory and statutory basis, does not dictate

1. 1–5. Objectives of the SIR system

The SIR system–

　*a.* Provides early notice to HQDA that a serious incident has occurred or may have occurred.

　*b.* Provides the chain of command with timely information to respond to queries from Congress, DOD, news media, and others.

　*c.* Serves to meet law enforcement reporting requirements for selected criminal incidents.

　*d.* Is not designed to be used as a basis for statistical comparisons of commands.

　*e.* Is not intended to include reporting of all criminal acts.

1–6. Special handling of reports.

　*a.* Reports submitted according to this regulation are law enforcement reports. (See para. 2–12*b* through *i,* AR 340–17.) They will be assigned a proper security classification according to AR 380–5 or marked FOR OFFICIAL USE ONLY according to AR 340–16. Reports or any information from them will be released according to AR 340–17 and AR 190–45. These two regulations implemented the 1974 Amendment to the Freedom of Information Act (5 U.S.C. 552).

　*b.* The Privacy Act of 1974 (5 U.S.C. 552a) applies to SIRs. Dissemination and use of SIRs will be restricted to persons having a need for the reports to perform their official duties. Commanders and heads of DA Staff agencies will establish strict policies and procedures to insure that information contained in SIRs is not used for unfavorable personnel actions. Such actions are those that would deny any right, privilege, or benefit to any person that would be entitled to that person under Federal law or for which the person would otherwise be eligible.

imposition of the drastic remedy sought by the defense, *i.e.*, setting aside the punitive discharge. *Cf. United States v. Cole, supra.* The record shows that appellant suffered minimal injury from the posting of this report prior to its removal 3 days later by responsible command authorities. Art. 59(a). Also, the convening authority through his own largesse suspended 23 months of the 48–month adjudged sentence.[2] Moreover, prior to his release from prison in June 1990, appellant at no time requested the military judge, the convening authority, the Court of Military Review, or this Court to defer service of his confinement in light of the probable success on appeal of his denied claim of pretrial punishment. *See United States v. Valead,* 32

MJ at 124–25. Finally, setting aside his dishonorable discharge or reducing its degree to a bad-conduct discharge in these non-egregious circumstances would be an unjustified windfall for appellant. *Id.* at 128 (Everett, S.J., concurring in the result). *Cf. United States v. Nelson,* 18 USCMA 177, 39 CMR 177 (1969). Accordingly, we conclude that no substantial prejudice inured to appellant as a result of his illegal pretrial punishment. Art. 59(a).

The decision of the United States Army Court of Military Review is affirmed.

Senior Judge EVERETT concurs.

Judge COX concurs in the result. *See Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

---

**2.** Appellant's defense counsel requested that the convening authority reduce his confinement from 4 to 3 years. He noted, *inter alia,* appellant's hard work "[e]ven after the mistaken posting of a serious incident report." The staff judge advocate eventually agreed that "mitigating action" was warranted "and recommend[ed] ... suspend[ing] confinement in excess of 25 months for" 1 year. The convening authority followed this recommendation.