**UNITED STATES, Appellee,**

v.

**Private First Class Lawrence F. LATTA, III, 247–45–6504, United States Army, Appellant.**

**ACMR 9101226.**

U.S. Army Court of Military Review.

22 Jan. 1992.

---

For Appellant: Captain James M. Heaton, JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Edith M. Rob, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

**OPINION OF THE COURT**

HAESSIG, Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of two specifications of absence without leave in violation of Article 86, Uniform Code of Military Jus-

tice 10 U.S.C. § 886 (1982) [hereinafter UCMJ]. The appellant's approved sentence includes a bad-conduct discharge, confinement for six months, forfeiture of $500.00 pay per month for six months, and reduction to the lowest enlisted grade.

The appellant asserts, *inter alia*, that he was subjected to unlawful pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813,[1] and that as a result he is entitled to meaningful sentence relief. We agree.

The record of trial reflects that prior to trial, and as a result of his absences without leave, the appellant was, *inter alia*, subjected to public denunciation and military degradation by being called to the front of a unit formation by the unit first sergeant and sarcastically referred to by the first sergeant as "my favorite AWOL case." The government did not rebut the allegation. The United States Court of Military Appeals and this Court have unequivocally condemned conduct by those in positions of authority which result in needless military degradation, or public denunciation or humiliation of an accused. *United States v. Cruz*, 25 M.J. 326 (C.M.A.1987); *United States v. Villamil–Perez*, 32 M.J. 341 (C.M.A.1991); *United States v. Fitzsimmons*, 33 M.J. 710 (A.C.M.R.1991); *United States v. Hatchell*, 33 M.J. 839 (A.C.M.R.1991). We do so again here and will provide the appellant with meaningful relief in our decretal paragraph.

In light of the relief we will grant to the appellant we need not address his other assignment of error.

The findings of guilty are affirmed. Using our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to reassess the sentence, based on the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, and reduction to the grade of Private E1.

Senior Judge De GIULIO concurs.

ARKOW, Judge (dissenting):

Appellant, in an unsworn statement during the sentencing phase of the trial, indicated that he was humiliated by his first sergeant at a unit formation after he returned from an unauthorized absence. Trial defense counsel, during his argument on sentence, asked the military judge that this be "fairly considered prior punishment under Article 13, UCMJ," and that it be taken into consideration when adjudging a sentence. Nothing further was submitted to the court on the issue although the appellant's company commander was called as a rebuttal witness by the government. Thereafter, the military judge, without comment, adjudged a sentence which was considerably less than the maximum.[1]

I believe it is incorrect to decide the issue of whether there was an Article 13, UCMJ, violation for two reasons. First, appellant waived the issue at trial by failing to litigate it. Second, although not litigated, the matter was presented to and considered by the military judge as a mitigating matter.

This Court has held in a number of cases that a failure to raise an Article 13, UCMJ, violation at trial waives the issue on appeal. *United States v. Walker*, 27 M.J. 878 (A.C.M.R.), *aff'd*, 28 M.J. 430 (C.M.A.1989); *United States v. Huelskamp*, 21 M.J. 509 (A.C.M.R.1985); *United States v. Martinez*, 19 M.J. 744 (A.C.M.R.1984), *petition denied*, 21 M.J. 27 (C.M.A.1985). However, in *United States v. Cruz*, 25 M.J. 326 (C.M.A.1987), other circumstances militated against applying the waiver rule.

An Article 13, UCMJ, violation should be litigated by moving for appropriate relief prior to sentencing. Appellant sought no such relief. Further, as appellant's un-

---

1. Article 13, UCMJ, provides in part, "No person, while being held for trial, may be subjected to *punishment* or *penalty* other than arrest or confinement upon the charges pending against him...." [emphasis added.]

1. The maximum authorized punishment was a dishonorable discharge, confinement for eighteen months, total forfeitures, and reduction to E1. Appellant was sentenced to a bad conduct discharge, confinement for six months, forfeiture of $500 pay per month for six months, and reduction to E1.

sworn statement cannot be considered as evidence on this issue, this Court should not conclude that the matter was properly raised at trial. *United States v. Smith,* 23 M.J. 744 (A.C.M.R.1987).

An unsworn statement is, however, a proper means of bringing before the trial court matters that could serve to mitigate the punishment to be adjudged. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(c). I presume that the military judge gave proper weight to the information presented in appellant's unsworn statement as there is nothing in the record to show otherwise. *United States v. Montgomery,* 42 C.M.R. 227, 231 (C.M.A.1970). Appellant chose this avenue to obtain a favorable sentence from the military judge rather than litigating the issue at trial. It appears this approach was successful and he should not be given additional sentence relief by raising the matter again on appeal. *United States v. DiMatteo,* 19 M.J. 903 (A.C.M.R.1985).

I would affirm the findings and the sentence.