UNITED STATES, Appellee,

v.

Specialist Martin F. NEWBERRY, 540–13–8683, United States Army, Appellant.

ACMR 9100590.

U.S. Army Court of Military Review.

18 Sept. 1992.

---

For Appellant: Captain Kurt J. Mayer, JAGC (argued); Captain Robin N. Swope, JAGC (on brief).

For Appellee: Captain Samuel J. Smith, Jr., JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam,

JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

In accordance with his pleas, the appellant was convicted of disobeying a noncommissioned officer, larceny (four specifications), wrongful appropriation (three specifications), and housebreaking (four specifications), in violation of Articles 91, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 921, and 930 (1982) [hereinafter UCMJ]. A military judge, sitting as a general court-martial, sentenced the appellant to a dishonorable discharge, confinement for fourteen years, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with the terms of a pretrial agreement, the convening authority reduced the confinement to eleven years, but otherwise approved the adjudged sentence.

The appellant, a military policeman, and his military police partner, while on nighttime patrol, broke into Army and Air Force Exchange Service (AAFES) warehouses and other facilities at Giessen, Germany, on four separate occasions for the purpose of stealing merchandise and other property. The appellant and his partner used a military police van to transport the stolen merchandise to their family quarters. Following the last theft, their supervising noncommissioned officer caught them with some of the stolen items in the military police van. The appellant's apprehension led to an investigation which revealed a military police theft ring involving eight military policemen. The military police chain of command may have overreacted to the wrongdoing, as it was not disputed by the government at trial that the appellant and the other military policemen were subjected to unlawful pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813 [hereinafter Article 13]. Prior to arraignment, the appellant asked for, and, with the concurrence of the trial counsel, received thirty days' credit for having been unlawfully punished before trial. The appellant thereafter pled guilty and was found guilty of all offenses.

Before this court, the appellant raises several issues, only two of which require detailed analysis.

### I.

The appellant asserts that he should receive substantially more credit for illegal pretrial punishment than the thirty days' credit he received at trial. We disagree.

#### A. Background

 The record of trial reflects the following interchange occurring prior to arraignment:

MJ: Is there anything that either side would like for me to address before we entertain the pleas?

TC: Nothing from the Government, sir.

DC: Your Honor, there was a discussion with the Government as far as pretrial credit [for] confinement. I'm not sure when you want to take that up, sir.

MJ: Is that going to be the subject of a motion or what?

DC: Yes, it is.

MJ: What's the motion?

DC: It would be for pretrial credit, sir, for [an] Article 13 violation.

MJ: Is the Government going to oppose that or what do you want to do with that?

TC: Sir, the Government has reached an agreement with [the defense counsel] and her client to credit the accused with 30 days.

MJ: Thirty days as prior punishment?

TC: Yes, sir

MJ: And that's to be one-for-one credit?

DC: Yes, sir.

MJ: So the Government was aware of your proposed Article 13 motion and you're perfectly happy with the arrangement—the agreement basically to get 30 days credit, Captain ...?

DC: Yes, sir, we are.

MJ: All right. Make sure that the [report of the] result of trial reflects that.

TC: Yes, sir.

. . . .

MJ: Anything else before we hear the pleas?

DC: No, Your Honor.

Because of counsels' agreement, the issue of pretrial punishment was not litigated at trial. Consequently, there is no evidence in the record of trial showing the nature or extent of the pretrial punishment. To fill this factual void, the appellant has submitted to this court an affidavit setting out in great detail the nature of his alleged pretrial punishment, alleging harsh pretrial confinement conditions, pretrial harassment, and public humiliation. We have accepted this affidavit as an appellate exhibit.[1] The affidavit is unrebutted by the government. The appellant asks for two-for-one credit for a total of 174 days pretrial punishment credit.[2] In the alternative, the appellant asks either for a *DuBay*[3] hearing to determine the facts involved in the Article 13 violation or for a rehearing on sentence. We find that a *DuBay* hearing or a rehearing on sentence are not appropriate in this case.

Finally, the appellant now claims ineffective assistance of his trial defense counsel regarding this issue. In oral argument, appellate defense counsel asserted the trial defense counsel was ineffective in three respects: failing to fully investigate the issue; failing to ask for a post-trial Article 39(a), UCMJ, session to litigate the issue once other soldiers received significantly more credit for the Article 13 violation;

and, her failure to request the convening authority to give additional credit.

In response to the allegation of ineffective assistance of counsel, the trial defense counsel, by affidavit admitted as an appellate exhibit, avers she was well aware of the pretrial activities involving all eight military policemen; had a detailed log of the unit's pretrial actions against the policemen; had interviewed the noncommissioned officer in charge of the accused policemen; and, had consulted with other defense counsel representing the other accused policemen regarding the Article 13 violation. The defense counsel further states that on the day before the appellant's trial, she observed the trial of another military policeman in which a similar Article 13 motion was litigated. In that trial, the military policeman received only three days' credit from the same military judge. Further, the defense counsel states that her client was present when the trial counsel, upon learning that she intended to raise an Article 13 motion, suggested that thirty days' credit was acceptable to the government. She states that she took the appellant into a private room and fully informed him of his options and that he readily agreed to accept thirty days' credit against any sentence to confinement.

B. Applicable Law

Article 13, UCMJ, states:

No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his

1. The appellant also asked this court to take judicial notice of the Article 13 litigation in five companion cases, including that of his partner in crime. We declined to do so; however, we did agree to take judicial notice of the sentence in the appellant's partner's case, but only for sentence appropriateness purposes.

2. He also asks for an additional thirty-seven days' credit for "restriction tantamount to confinement" and for the government's failure to have a Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305 [hereinafter R.C.M.] magistrate's review of the pretrial restraint. Neither of these bases for credit

were raised or litigated at trial. Since these issues were not raised at trial, we find that they were waived. R.C.M. 1001(b)(1); *United States v. Kuczaj,* 29 M.J. 604 (A.C.M.R.1989); *United States v. Bryant,* 27 M.J. 811 (A.C.M.R.1988); *United States v. Snoberger,* 26 M.J. 818 (A.C.M.R.1988), *pet. denied,* 29 M.J. 289 (C.M.A. 1989); *United States v. Berry,* 24 M.J. 555 (A.C.M.R.), *pet. denied,* 25 M.J. 193 (C.M.A. 1987); *United States v. Ecoffey,* 23 M.J. 629 (A.C.M.R.1986).

3. *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967).

presence, but he may be subjected to minor punishment during that period for infractions of discipline.

 "Pretrial punishment is prohibited except to enforce internal confinement discipline." *United States v. Palmiter*, 20 M.J. 90, 94 (C.M.A.1985). Accordingly, pretrial restraint may be no more rigorous than is necessary to insure the presence of a detainee at his trial. *United States v. James*, 28 M.J. 214, 215 (C.M.A.1989); *Palmiter*, 20 M.J. 90. Likewise, public ridicule and degradation can amount to illegal pretrial punishment in violation of Article 13. *United States v. Cruz*, 25 M.J. 326 (C.M.A. 1987); *United States v. Latta*, 34 M.J. 596 (A.C.M.R.1992); *United States v. Fitzsimmons*, 33 M.J. 710 (A.C.M.R.1991). Failure of an accused to raise the issue of illegal pretrial punishment before a magistrate prior to trial is "strong evidence that he was not illegally punished." *James*, 28 M.J. at 216; *Palmiter*, 20 M.J. at 97. Counsel have an obligation "to seek relief from the conditions of detention while the accused is actually subject to those detentions." *James*, 28 M.J. at 216 n. 4 (citing with approval *United States v. Walker*, 27 M.J. 878 (A.C.M.R.), *aff'd*, 28 M.J. 430 (C.M.A.1989)). Failure to raise the issue of pretrial punishment at trial *usually* waives the issue. *Cruz*, 25 M.J. at 326; *Walker*, 27 M.J. at 880–81; *United States v. Huelskamp*, 21 M.J. 509 (A.C.M.R.1985); *United States v. Martinez*, 19 M.J. 744 (A.C.M.R.1984), *pet. denied*, 21 M.J. 27 (C.M.A.1985). *But see United States v. Peacock*, 19 M.J. 909 (A.C.M.R.), *pet. denied*, 20 M.J. 205 (C.M.A.1985) and cases cited therein. When an Article 13 violation has been committed, some relief on sentencing is normally appropriate. *United States v. Moore*, 32 M.J. 774 (A.C.M.R. 1991). No set formula has been established to compensate for illegal pretrial confinement.

 While appellate defense counsel ask for two-for-one credit and cite us to two unpublished opinions of this court in which two-for-one credit has been awarded, the nature and amount of sentencing relief varies from case to case. *See, e.g., Latta*, 34 M.J. at 597 (forfeitures set aside); *Fitzsimmons*, 33 M.J. at 711 (punitive discharge and forfeitures set aside); *Moore* 32 M.J. at 776 (reduction in confinement). Indeed, not all violations of Article 13 require a remedy if no substantial prejudice resulted from the Article 13 violation. *United States v. Villamil–Perez*, 32 M.J. 341, 344 (C.M.A. 1991); *United States v. Hatchell*, 33 M.J. 839, 843 (A.C.M.R.1991); *Fitzsimmons*, 33 M.J. at 711 n. 4.

 The right to the effective assistance of counsel extends to all phases of the court-martial, including the post-trial and appellate proceedings. *United States v. Holt*, 33 M.J. 400 (C.M.A.1991). In reviewing allegations of ineffectiveness of counsel, this court utilizes the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). First, the defendant must show that counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel is "strongly presumed to have rendered adequate assistance." *Id.* at 690, 104 S.Ct. at 2066. Counsel errors must be so serious that the defendant is deprived of a fair trial. *Id.* Failure of the defense counsel to raise the issue of pretrial punishment "absent some properly disclosed sentence consideration, comes perilously close to inadequate representation by counsel." *Cruz*, 25 M.J. at 330 (citing *Scott*, 24 M.J. at 186).

## C. Analysis

The concession of an Article 13 violation by the trial counsel in this case makes it unnecessary for us to decide factually whether the asserted pretrial treatment of the appellant amounted to illegal pretrial punishment. *See Moore*, 32 M.J. at 775 n. 1 (court bound by trial counsel's concession of an Article 13 violation). We will assume that a violation of Article 13 occurred in this case.

■ In order to determine if additional credit is appropriate in this case, we must first decide whether the defense counsel's conduct in agreeing that thirty days was appropriate credit was ineffective representation. Having reviewed the entire record and the competing affidavits, we find that the trial defense counsel's affidavit is credible and forthright. We conclude that the appellant has failed to meet his burden of showing ineffectiveness of counsel in this case. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Here, the defense counsel properly investigated the matter before trial, consulted with other defense counsel regarding the matter, and properly raised the issue of illegal pretrial confinement at trial. Since the trial counsel conceded the issue, the only question remaining at trial was the remedy. We find nothing in law or logic that prevents a defense counsel, with the active participation of the appellant, from stipulating to a specific number of days of credit, or to agreeing that one-for-one credit is appropriate. Given what the defense counsel knew at the time, that another soldier had received three days' credit after litigating a similar issue the day before, we find adequate justification and rationale for the defense counsel's action.

■ Likewise, we find that the defense counsel's representation during the post-trial phase met the *Strickland* standard. We specifically find that the failure of the defense counsel to request a post-trial Article 39(a), UCMJ, session to further litigate the issue did not amount to inadequacy of counsel. While, *arguendo,* it may have been prudent advocacy to seek a post-trial hearing, the failure to do so here was not so serious as to overcome the presumption of competence accorded to a defense counsel under *Strickland.* We find that the overall performance of the defense counsel after trial was adequate. Following trial, the defense counsel submitted a clemency petition pointing out the disparity of sentences between the appellant and the other

larcenous military policemen, the appellant's good service record, and his cooperation in the investigation. The defense counsel also included a personal letter from the appellant along with letters from the appellant's wife and mother.

■ Finally, in the absence of ineffective representation of counsel, we will not look behind an agreement as to the proper amount of credit to be given an Article 13 violation when that agreement appears to be based on an informed and free choice of the accused. We therefore hold that the appellant is not entitled to additional credit in this case.

## II.

■ The appellant also asserts that the military judge erred by finding the appellant guilty of failing to go to his appointed place of duty (*i.e.,* failure to repair), in violation of Article 86(1), UCMJ, 10 U.S.C. § 86(1).

This assertion of error simply is not accurate. The military judge never found appellant guilty of an Article 86 offense. He properly found the appellant guilty, after a provident plea of guilty, of violating the order of a noncommissioned officer to return to the provost marshal's office.[4] Later in the trial, just prior to adjudging the sentence, the military judge commented that he was going to consider the maximum punishment for the disobedience of the order to be that of a failure to repair. He said, "Charge I as far as I'm concerned is a six-month [sic] offense. It's a failure to repair rather than disobeying an order. So that will change the maximum by about six months." The appellant takes this statement of the military judge out of context. It is clear that the military judge merely recognized that the offense was essentially a failure to repair and that he would limit the maximum punishment to that of a failure to repair for punishment purposes. Under the circumstances of this case, the military judge's limitation was

---

**4.** When the supervising noncommissioned officer caught the appellant and his patrol partner with stolen merchandise in their patrol vehicle, he ordered them to get into the vehicle and "go straight to the [military police] station." Instead of complying with the order, they detoured to a dumpster and threw away the stolen items.

gratuitous and not required by law. *See, e.g., United States v. Baldwin,* 49 ·C.M.R. 814 (A.C.M.R.1975) (a *routine* order to report for *routine* duties is nothing more than a failure to repair).

However, the military judge's characterization of the offense as having a six-month maximum punishment is wrong; a failure to repair is clearly a one-month offense. Manual for Courts–Martial, United States, 1984, Part IV, para. 10(e)(1).[5] We are sure that the misstatement probably was a brief mental lapse and does not reflect the military judge's true understanding of the maximum punishment. However, giving the appellant the benefit of the doubt, we will assume that the judge's computation of the maximum punishment was error and will remedy the error by reassessing the sentence.

▆ Upon motion of the appellate defense counsel, we have agreed to take judicial notice of the sentence imposed on the appellant's partner in crime, and will consider it along with the entire record in determining sentence appropriateness in this case. *See generally United States v. Snelling,* 14 M.J. 267 (C.M.A.1982); *United States v. Olinger,* 12 M.J. 458 (C.M.A. 1982); *United States v. Tucker,* 29 M.J. 915 (A.C.M.R.1989), *pet. denied,* 31 M.J. 380 (C.M.A.1990). We agree that some sentence relief is appropriate and will reduce the approved sentence to confinement in addition to reassessing the sentence for the error noted above.[6]

We have reviewed the remaining assignments of error and the errors personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge JOHNSON and Judge WERNER concur.

5. The maximum confinement for the willful disobedience of the order of a noncommissioned officer under Article 91, UCMJ, is one year.

6. We have considered, *inter alia,* that the trial counsel in this case recommended some clemency because of the appellant's cooperation in the investigation and prosecution of other larcenous policemen, the relative culpability of the appellant and his partner, the partner's adjudged sentence to confinement of five years, and the appellant's good service record.