**UNITED STATES, Appellee,**

v.

**Private First Class Russell BROMELL, 251–35–9181, United States Army, Appellant.**

**ACMR 9300037.**

U.S. Army Court of Military Review.

29 July 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC (on brief).

Before GRAY, De GIULIO, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to mixed pleas, the appellant was found guilty of two specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1988) hereinafter UCMJ]. He was sentenced to a bad-conduct discharge and confinement for sixteen months. The convening authority approved the sentence.

Appellant asserts that neither the post-trial recommendation, the convening authority's action, nor the promulgating order reflect the thirty days of confinement credit ordered by the military judge pursuant to *United States v. Pierce,* 27 M.J. 367 (C.M.A.1989). We believe that the intent of *Pierce* has not been followed by the convening authority and we will correct the sentence accordingly.

Appellant received nonjudicial punishment pursuant to Article 15, UCMJ, for one of the offenses for which he was found guilty in this court-martial. At trial, the parties agreed, and the military judge ordered, that appellant should receive thirty days of credit toward his sentence to confinement because of his prior punishment for that offense. In his initial action, the convening authority approved the sentence.

In *Pierce,* the United States Court of Military Appeals announced that "an accused must be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." 27 M.J. at 369. The Court further indicated that the convening authority is the best person to ensure that credit is given. *Id.* Courts of Military Review were instructed to "either (1) ascertain from the judge an explanation of what his consideration of the nonjudicial punishment implied; or (2) adjust appellant's sentence to assure that he was not twice punished." *Id.* at 370.

In the case before us, we are not satisfied that the military judge complied with his obligation under *Pierce.* In any event, the convening authority failed in his obligation to ensure that the credit was given. We interpret *Pierce* to mean that the convening authority must reduce the sentence in his action to ensure proper credit is given where the military judge has not placed on the record what his consideration of the nonjudicial punishment implied.

In correcting the sentence in the *Pierce* case, this court refused to "substitute a *deus ex machina* for our independent responsibility to determine appropriate sentences." *United States v. Pierce,* 28 M.J. 1040, 1043 (A.C.M.R.1989). We will fulfill our responsibilities under Article 66(c), UCMJ, by reassessing the sentence.

The remaining assertions of error, to include those personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the error noted, and *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), only so much of the sentenced is

affirmed as provides for a bad-conduct discharge and confinement for fourteen months.

Chief Judge GRAY and Judge GONZALES concur.