UNITED STATES, Appellee

v

ARTHUR M. JOHNSON, Private,
U. S Marine Corps, Appellant

19 USCMA 49, 41 CMR 49

No. 21,974

October 31, 1969

*Captain Frank A. Nelson*, JAGC, USN, and *Commander E. M. Fulton, Jr.*, JAGC, USN, were on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, *Captain William S. Foss,* USMCR, and *Captain Charles E. Patterson,* USMCR, were on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty, a general court-martial, convened at Quang Tri, Republic of Vietnam, convicted the accused of a number of specifications alleging various assaults upon fellow servicemen, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The conviction was approved by the convening authority and affirmed by a board of review. Thereupon, the accused petitioned for further review by this Court.

In his first assignment of error, the accused contends that the conditions of his pretrial confinement were illegal because he was treated as a sentenced prisoner. United States v Nelson, 18 USCMA 177, 39 CMR 177. He maintains that, as a result of this treatment, he was denied due process of law sufficient to justify dismissal of the charges against him. A number of affidavits, obtained for the purposes of the appeal from persons who had been in confinement at the same time as the accused, are offered in support of the allegations. The Government contends that the accused's "untimely, *ex parte* claim transgresses all reasonable requirements for orderly appellate procedure and should not" be countenanced by this Court. See United States v Roberts, 7 USCMA 322, 325, 22 CMR 112.

Allegations as to the existence of serious defects in the proceedings leading to the accused's conviction and sentence cannot always be turned aside by the rule that the matter was not raised at trial and is before us only in the form of post-trial affidavits. United States v Ferguson, 5 USCMA 68, 82, 17 CMR 68; United States v Broy, 14 USCMA 419, 34 CMR 199. Imposition of punishment in violation of Article 13, Code, supra, 10 USC § 813, can, in our opinion, assume such serious proportions as to justify post-trial consideration.

It is manifest from the record, however, that the accused's plea of guilty was not in any way influenced by the conditions of his pretrial confinement. The only question presented, therefore, is the possibility of prejudice as to the sentence. United States v Nelson, supra; United States v Broy, supra, at page 427. The accused contends he was in undifferentiated confinement from September 5 to September 21. However, the Charge Sheet indicates his confinement for the September period began on September 18. At trial, the accused certified the correctness of the Charge Sheet entry; and the entry is further verified in the post-trial review by the staff legal officer. Consequently, the period of alleged improper confinement is three days, not nearly three weeks as alleged by the accused. It further appears that the offenses to which the accused pleaded guilty subjected him to a penalty extending to dishonorable discharge and confinement at hard labor for 19-1/2 years. The court-martial imposed a sentence that included a bad-conduct discharge and confinement at hard labor for five years. This sentence accords with the accused's own assessment of what he considered a fair and acceptable sentence, as expressed in his pretrial offer to plead guilty which was made after September 21. Under the circumstances, we conclude that while the conditions of confinement would have been illegal, if they were as represented in the defense affidavits, they did not prejudice the accused as to either the findings of guilty or the sentence. Cf. United States v Nelson, and United States v Broy, both supra.

The accused's second assignment of error deals with the sufficiency of the law officer's inquiry into the accused's

understanding of the elements of the offenses charged and the voluntariness of his plea of guilty. Although the details of the inquiry would not meet current standards, they sufficiently comply with those in effect at the time of trial. United States v Care, 18 USCMA 535, 40 CMR 247.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

DARDEN, Judge (concurring):

I concur in the affirmance of the board of review's decision. I disapprove, however, the unrestricted use of affidavits to contest on appeal the adequacy of a guilty plea case because of an alleged defect that was known or should have been known at the time of trial. Where a defense is available, it should be asserted and decided initially at the trial level. Cf. United States v Roberts, 7 USCMA 322, 22 CMR 112; United States v Chancelor, 16 USCMA 297, 36 CMR 453; United States v Boberg, 17 USCMA 401, 38 CMR 199.