UNITED STATES

v.

**Airman Basic Robert M. REEDER, FR 300–72–6719, United States Air Force.**

**ACM 27707.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Feb. 1989.

Decided 14 Sept. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Major Terry M. Petrie and Major Charles E. Ambrose, Jr., USAFR.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

PRATT, Judge:

Consistent with his pleas, appellant was found guilty of conspiracy to possess "ecstasy" [1], use of marijuana, use of "ecstasy" on divers occasions over a four-month period, distribution of "ecstasy" on divers occasions over a two-month period, and attempted introduction of LSD onto a military installation with the intent to distribute.

A general court-martial composed of members sentenced appellant to a dishonorable discharge, confinement for 4 years, total forfeitures and reduction to airman basic. By pretrial agreement, the convening authority was entitled to approve only so much of the sentence as provides for a bad conduct discharge, confinement for 42 months, and total forfeitures.[2] In fact, the convening authority approved a bad conduct discharge, confinement for 36 months, and total forfeitures.

On appeal, our attention is invited to the appropriateness of appellant's sentence, specifically the period of confinement. We are asked to compare appellant's confinement period to that received by an A1C Carpenter, who was appellant's co-conspirator as to the conspiracy charge and allegedly a co-actor, or simultaneous offender, in several of the other charges. A1C Carpenter elected to be tried by military judge alone and was sentenced to, among other things, 24 months confinement. Citing the similarity in offenses, appellate defense counsel argue that appellant "should not pay the penalty of a harsher sentence simply because he exercised his statutory right to be sentenced by members."

■ As a general proposition, sentence appropriateness is to be determined without reference or comparison to sentences in other cases, but instead by "individualized consideration" of the particular accused "on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959). This Court has long recognized a co-existing and countervailing principle; namely, that where there are highly disparate sentences in connected or closely related cases, "fundamental interests of fairness and justice to the accused" require sentence comparison in the overall determination of sentence appropriateness. *United States v. Capps*, 1 M.J. 1184 (A.F.C.M. R.1976). More recently, the Court of Military Appeals, in *United States v. Ballard*, 20 M.J. 282 (C.M.A.1985), held that Courts of Military Review may consider other sentences in "similar" cases, but are not required to do so. In any event, it is important to note that sentence comparison, even when deemed appropriate, does not mean sentence equation. Even the principle of "fundamental fairness" does not require that co-actors receive identical sentences for their crimes. When a convening authority or an appellate court chooses to consider sentences in other cases, this consideration is just one aspect of sentence appropriateness to be considered along with a variety of other factors. *United States v. Snelling*, 14 M.J. 267 (C.M.A. 1982). It may be given such weight as the reviewer sees fit under all the circumstances.

■ In a very real sense, every assessment of sentence appropriateness inherently involves a degree of sentence comparison. As the Court of Military Appeals noted in *Ballard, supra:*

We are, of course, well aware that the experienced and professional military lawyers who find themselves appointed as trial judges and judges on the courts of military review have a solid feel for the range of punishments typically meted out in courts-martial. Indeed, by the time they receive such assignments, they can scarcely help it; and we have every

---

**1.** "Ecstasy" is the commonly used name for the amphetamine derivative, 3,4–Methylenedioxymethamphetamine, also known as MDMA.

**2.** At the time of trial, appellant was already an airman basic.

confidence that this accumulated knowledge is an explicit or implicit factor in virtually every case in which a military judge imposes sentence or a court of military review assesses for sentence appropriateness. *Id.* at 286. Where, as here, the specific sentence in a related case is among the matters properly cited to and considered by the convening authority in taking his action, we cannot help but consider it in the course of performing our statutory duty to assess sentence appropriateness. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988). As noted above, however, it will be but one factor in that assessment, whose relative weight will rest with the sound discretion of the court. Obviously, the more closely related the case, the more weight it will tend to carry, and vice versa.

 In the present case, appellant and A1C Carpenter faced very similar charges involving use of ecstasy, distribution of ecstasy, and conspiracy to possess ecstasy with intent to distribute. However, appellant alone was also convicted of the use of marijuana and an attempt to introduce LSD onto a military installation with intent to distribute.[3] Further, while A1C Carpenter had a prior letter of reprimand in his records, appellant had received a letter of reprimand, control roster action, and an Article 15. On the other hand, while A1C Carpenter may have provided some degree of assistance to the Office of Special Investigations, appellant is reported to have provided considerable assistance including testimony at several Article 32 investigations and courts-martial.

Both appellant and A1C Carpenter had pretrial agreements with the convening authority limiting to 42 months their exposure to confinement. Inasmuch as appellant received a sentence including 4 years confinement, the convening authority could have approved confinement for 42 months. Instead, he approved only 36 months confinement. A review of the Staff Judge Advocate's Recommendation suggests that this reduction in confinement was in recognition of both sentence disparity between appellant and A1C Carpenter and appellant's valuable assistance to the government in other drug cases.

Our review of the similarities and differences between the cases of appellant and A1C Carpenter convinces us that the approved sentences in these cases, although different, are not "highly disparate." We have carefully reviewed the record of trial and all post-trial matters submitted on behalf of appellant. We have given due consideration to the case involving A1C Carpenter and the sentence he received. Weighing all these matters, we find the approved sentence in this case to be entirely appropriate. Article 66(c), UCMJ.

Accordingly, the approved findings and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge HODGSON and Judge SPILLMAN concur.

---

**3.** The record reflects that appellant brought what he believed to be LSD onto the base, distributed it to other airmen, and used the substance with them.