UNITED STATES, Appellee,

v.

Specialist Jacque A. TUCKER,
521–04–5975, United States
Army, Appellant.

ACMR 8802561.

U.S. Army Court of Military Review.

18 Dec. 1989.

For Appellant: Captain Keith W. Sickendick, JAGC, Captain Wayne D. Lambert, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Pursuant to his pleas, the appellant was convicted by a general court-martial of conspiracy to commit robbery and robbery in violation of Articles 81 and 122 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 922 (1982). Following sentencing by a court composed of officer and enlisted members, the convening authority, acting pursuant to a pretrial agreement, approved a sentence which included a dis-

honorable discharge, confinement for 60 months, forfeiture of $400.00 pay per month for 36 months, and reduction to the grade of Private E1.

On appeal, the appellant contends that his sentence is excessive. We disagree but the points of law raised in the briefs of counsel warrant discussion.

The Government argues that the appellant's sentence is not "highly disparate" and concludes that it should therefore be reviewed without reference to the sentences his co-conspirators received. The Government further contends, citing as precedent *United States v. Hendon*, 6 M.J. 171 (C.M.A.1979), and *United States v. Kinman*, 25 M.J. 99 (C.M.A.1987), that the appellant's pretrial agreement for a sentence limitation of 60 months "is an indication of the sentence's probable fairness."

■■■ We note that the proposition that the sentence limitation set forth in an accused's pretrial agreement is a yardstick of "fairness" is a proposition long propounded by the United States Court of Military Appeals. *See United States v. Hendon*, 6 M.J. 171 at 175 (citing *United States v. Johnson*, 41 C.M.R. 49, 50 (C.M.A.1969)). However, the sentence limitation set forth in a plea agreement is a factor considered only when determining prejudice from an error in the sentencing process. *Compare United States v. Kinman*, 25 M.J. at 101, *with, United States v. Ballard*, 20 M.J. 282, 283–286 (C.M.A.1985). *See also United States v. Kinman*, 25 M.J. at 103 (Cox, J., dissenting). It is fallacious to suggest that an accused's proposed plea agreement establishes an appropriate sentence or constitutes an admission by an accused that the proposed sentence is appropriate. As the United States Courts of Military Appeals has stated:

> [I]n military practice a pretrial agreement only sets a ceiling and does not constitute an affirmation by an accused that the sentence is appropriate. Indeed, the sentence provided in the agreement may only be the lowest ceiling that an

accused can obtain in return for his guilty plea.

*United States v. Kinman*, 25 M.J. at 101.

■■■ This court's function in determining sentence *appropriateness* is, quite simply, a matter of "doing justice" and insuring that an accused gets no more punishment than he deserves. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988). A determination of sentence appropriateness is not made with an eye toward the pretrial agreement of any given case; rather, this determination is made "on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–181 (C.M.A.1959)).

■■■ Turning to the case at bar, we initially note that the information regarding the confinement portions of the sentences adjudged and approved for the appellant's co-conspirators were included in the appellant's post-trial submissions. We are therefore obligated to consider this "clemency-oriented" material in determining sentence appropriateness. *See United States v. Healy*, 26 M.J. at 396 ("information submitted to the convening authority for clemency purposes will in some instances be part of the 'record' which is considered by the Court of Military Review in determining sentence appropriateness"). However, this information provides even less information than that otherwise apparent on "the mere face of court-martial promulgating orders." *United States v. Ballard*, 20 M.J. at 285. Therefore, the aggravating and mitigating circumstances which may have prompted the sentence limitations provided for by the several plea agreements and the sentences imposed by courts-martial are not before this court. The appellant's brief on appeal "cites" the records of trial in the courts-martial of his co-conspirators; however, the appellant has not moved for judicial notice of these records and we decline to take such notice on our own motion.[1] The appellant's record of trial is

---

1. The appellant may take consolation from the fact that a certain degree of sentence comparison is inherent in this court's duty to review sentences. As stated in *United States v. Ballard:*

more than sufficient for this court to discharge its statutory duty.

The appellant's co-conspirators and accomplices received sentences which provided for confinement for eight, seven and five years; their approved sentences provided for confinement for 42 months, 36 months, and 24 months, respectively. The appellant's sentence as adjudged provided for confinement for six years and his approved sentence provided for confinement for sixty months.

■ First, we find that the sentences as adjudged are not unduly disparate. The co-conspirators whose adjudged sentences provided for confinement of eight and seven years were the individuals who actually committed the robbery. The co-conspirator/accomplice whose sentence provided for confinement of five years was, according to the record of trial, an aider and abettor like the appellant. Thus, there exists but a one year disparity between the sentences adjudged these aiders and abettors to the robbery. This disparity is not so severe as to warrant remedial action.

■ Second, we find that the appellant's approved sentence of sixty months is appropriate for his role in the conspiracy and robbery. The idea to rob the victim, appellant's landlord, was conceived by the appellant. The appellant proposed the plan and instigated the conspiracy to commit the robbery. He solicited the participation of one of the accomplices. He also dissuaded another accomplice from withdrawing from the scheme. While the convening authority's reasons for approving a plea agreement and a sentence providing for a lengthier term of confinement do not appear of record, this court is satisfied that the appellant's sentence under these circumstance is appropriate. Although the term of confinement approved in the appellant's case exceeds that of his companions, this disparity

[J]udges on the courts of military review have a solid feel for the range of punishments typically meted out in courts-martial. Indeed, by the time they receive such assignments, they can scarcely help it; and we have every confidence that this accumulated knowledge

is readily attributed to the appellant's markedly greater criminal culpability.

The findings and sentence are affirmed.

Judges KANE and WERNER concur.

is an explicit or implicit factor in virtually every case in which ... a court of military review assesses for sentence appropriateness. *United States v. Ballard,* 20 M.J. 282, 286 (C.M. A.1985).