**UNITED STATES, Appellee,**

v.

**Private First Class Christopher S. McMILLAN, 244–31–2222, United States Army, Appellant.**

**ACMR 9000681.**

U.S. Army Court of Military Review.

18 Jan. 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Major John L. Ross, JAGC, USAR (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM: *

In accordance with his plea, the appellant was found guilty by a military judge sitting as a special court-martial of wrongful use of "crack" cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. IV 1986). He was sentenced to a bad-conduct discharge, confinement for two months, forfeiture of $350.00 pay per month for two months, and reduction to Private E1. The convening authority reduced the forfeiture to $200.00

pay per month for two months in accordance with a pretrial agreement and approved the remainder of the sentence.

The appellant cites *United States v. Donaldson*, ACMR 8903683 (A.C.M.R. 26 Jan. 1990) (unpub.), for the proposition that a punitive discharge is excessive for the one time use of cocaine by a private first class. We disagree.

The task of a Court of Military Review in determining sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets no more punishment than he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988); *United States v. Tucker*, 29 M.J. 915 (A.C.M.R.1989), *petition denied*, 31 M.J. 380 (C.M.A.1990). A determination of sentence appropriateness is made "on the basis of the nature and seriousness of the offense and the character of the offender...." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982) (*quoting United States v. Mamaluy*, 27 C.M.R. 176, 181 (C.M.A.1959).

We note that cocaine use, whether in the "crack" form or not, is an extremely serious offense that poses a threat to the user and to the U.S. Army. The Manual for Courts–Martial, United States, 1984, Part IV, para. 37e(1)(a), provides for a maximum punishment for wrongful use of cocaine of a dishonorable discharge, total forfeitures, and confinement for five years. Referral of the appellant's case to a special court-martial does not alter the serious nature of cocaine use.

The facts of this case show the seriousness of this offense and the character of the offender. The appellant admitted that he remained in the company of several friends who smoked cocaine in his presence the previous day. He then decided to smoke cocaine after discussing with them the possibility of cocaine use being detected by urinalysis. Because he had undergone his initial urinalysis testing shortly after arriving at Fort Sill, he apparently concluded that he would not be subjected to a urinalysis test until after the effects of

---

* Judge Dennis M. Corrigan took final action on   this case prior to his reassignment.

cocaine use had disappeared from his system. These facts reveal that his premeditated and calculated use of cocaine was frustrated by an unexpected urinalysis test.

The appellant urges this court to conclude that a bad-conduct discharge is inappropriate as it is significantly more punishment than is normally suffered by a private first class for a one-time cocaine use. *Cf. United States v. Ballard*, 20 M.J. 282 (C.M.A.1985). While we doubt the assumption implicit in the appellant's contention, we note that "[a]s a general proposition, sentence appropriateness is to be determined without reference or comparison to sentences in other cases, but instead by 'individualized consideration' of the particular accused...." *United States v. Reeder*, 29 M.J. 563, 564 (A.F.C.M.R.1989). As the Air Force Court of Military Review noted, sentence comparison with other "similar" cases does not necessarily mean sentence equation. *Id.*, at 564. A comparison of the sentence in the case at bar with that approved in *Donaldson* does not lead this court to conclude that the appellant has been sentenced inappropriately.

While we recognize that a pretrial agreement only sets a ceiling on punishment and does not constitute an affirmation by an accused that the sentence is appropriate, *United States v. Tucker*, 29 M.J. 915, 916 (A.C.M.R.1989), in this case the appellant received the benefit of his pretrial agreement by having the adjudged forfeiture reduced by $150.00 per month for two months. That agreement also specified that the convening authority was not precluded from approving punishment such as a bad-conduct discharge.

On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and sentence are affirmed.