UNITED STATES

v.

Kevin J. BRANDON, 194 64 9010, Storekeeper Seaman Apprentice (E-2), U.S. Navy.

NMCM 91 0897.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 June 1990.

Decided 25 Nov. 1991.

LtCol Eugene O. Whetzel, USMCR, Appellate Defense Counsel.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

CAPT Jane E. Sharp, USNR–R, Appellate Defense Counsel.

LT Ralph G. Stiehm, JAGC, USNR, Appellate Government Counsel.

Before JONES, REED and LAWRENCE, JJ.

JONES, Senior Judge:

Among his assignments of error,[1] appellant claims that because his offenses were alcohol-related and because his expressed desire is to complete his enlistment, a sentence that includes an unsuspended bad-conduct discharge is inappropriately severe.[2]

Appellant vigorously contests the Government's reliance upon *United States v. Hendon*, 6 M.J. 171 (C.M.A.1979),[3] for the proposition that the adjudged sentence is appropriate because appellant received the full benefit of his pretrial agreement. Although we conclude that an unsuspended bad-conduct discharge is appropriate for the reasons set forth below, we take the opportunity to clarify this Court's reading of *Hendon*.

Within the Government reply, counsel asserts that appellant received the full benefit of his pretrial agreement, citing *Hendon* for the proposition that although not dispositive, "[a]bsent evidence to the contrary, an accused's own sentence proposal is a reasonable indication of its probable fairness to him." *Hendon* at 175. The progenitor of this view is the Court of Military Appeals opinion in *United States v. Johnson*, 19 U.S.C.M.A. 49, 50, 41 C.M.R. 49, 50 (1969), in which the Court noted that the sentence under consideration "accord[ed] with the accused's own assessment of what he considered a fair and acceptable sentence, as expressed in his pretrial offer to plead guilty." Judge Cook's lead opinion in *Hendon* recognizes, however, that the circumstances under which the convening authority and accused enter into the sentence limiting terms of the pretrial agreement may reasonably be expected to change factually prior to the presentation of sentencing matters at trial.[4] *United States v. Villa*, 19 U.S.C.M.A. 564, 567, 42 C.M.R. 166, 169 (1970).

Notwithstanding Judge Cook's recitation of the *Johnson* view, he failed to persuade Judge Perry, who concurred in the result, but expressly disassociated himself from that portion of the lead opinion which he believed tested an appellant's contentions of prejudice by comparing the adjudged sentence against the offer of the appellant in his negotiations with the convening authority for a pretrial agreement. For Judge Perry, "this linkage is irrelevant as well as inappropriate in this inquiry." We agree. If anything, the sentence limiting terms of the pretrial agreement are more a function of the strength of the Government case and the inherent difficulties in bringing a case to trial and are more in line with what the convening authority believes to be an appropriate sentence. If the convening authority believes that the Government is spared the time and expense of trial through the guilty pleas of the accused, and the sentence of the court (especially in judge alone cases) is not reasonably expect-

1. Additionally, appellant cited as error:
    I. THE RECOMMENDATION OF THE STAFF JUDGE ADVOCATE SUBSTANTIALLY MISSTATES THE EXTENUATION AND MITIGATION EVIDENCE OFFERED BY APPELLANT. [FOOTNOTE OMITTED].
    II. THE CONVENING AUTHORITY ERRED IN PURPORTING TO SUSPEND CONFINEMENT WHICH HAD RUN IN ITS ENTIRETY. [CITATION OMITTED].

2. Pursuant to his pleas, appellant was convicted of two periods of unauthorized absence, each about a month in duration (of which the first was terminated by apprehension), and willful damage to another sailor's car in the amount of $1,000.00. The offenses were charged under Articles 86 and 109, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 909, respectively. The military judge sentenced appellant to confinement for 75 days, forfeiture of $350.00 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence, but pursuant to the terms of the pretrial agreement, suspended confinement in excess of 45 days for 12 months from the date of trial.

3. Following submission of the Government reply, we granted appellant's Motion For Leave To File Answer that addresses the long-standing assertion before this Court that an accused's agreement to the sentence limiting terms of his pretrial agreement is a factor that may be considered in assessing the appropriateness of sentence.

4. In addition to a change of conditions, there may be matters in mitigation and extenuation that simply were not considered by the accused and the convening authority at the time of the agreement. *Villa*, 19 U.S.C.M.A. at 567, 42 C.M.R. at 169.

ed to exceed the sentence proposed by the accused, that convening authority will most often be willing to enter into a pretrial agreement. If the proposed sentence is not what he reasonably would expect, he will be more inclined to let the case go to trial, allowing the military justice process to run its course.

More significantly, as Judge Cox observed in a footnote to his dissent in *United States v. Kinman*, 25 M.J. 99, 103 n. 1 (C.M.A.1987), the *Kinman* opinion serves as a *sub silentio* overruling of the *Johnson–Hendon* approach. In *Kinman*, Chief Judge Everett, speaking for the two-member majority, disagreed with the lower court assessment of prejudice, stating:

> However, in military practice a pretrial agreement only sets a ceiling and does not constitute an affirmation by an accused that the sentence is appropriate. Indeed, the sentence provided in the agreement may only be the lowest ceiling that an accused can obtain in return for his guilty plea. Despite the guilty plea, an accused usually attempts to "beat the deal"; and a defense counsel has an obligation to try to induce the court-martial to adjudge a more lenient sentence than that prescribed in the pretrial agreement.

25 M.J. at 101.

 As the *Kinman* opinion makes clear, the prejudice to an accused resulting from some type of trial error remains unaddressed by the happenstance that the sentence adjudged may be the same as or less than that called for in the pretrial agreement. Moreover, as appellate defense counsel point out, *Hendon*, concerned with assessing the extent of prejudice, if any, as a result of trial error, is simply not applicable to this Court's determination of the appropriateness of sentence. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c); *United States v. Tucker*, 29 M.J. 915, 916 (A.C.M.R.1989), *pet. denied*, 31 M.J. 380 (C.M.A.1990). The test for prejudice is whether the sentence adjudged was "no greater than that which would have been imposed if the prejudicial error had not been committed." *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985).

That test serves only as the prerequisite step to eliminate any prejudice prior to this Court's independent obligation to determine whether the sentence, absent the effect of prejudice, is appropriate for the offenses of which an appellant has been convicted. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990).

 Given the number and nature of the offenses of which appellant was found guilty, and his prior record of civilian offenses and nonjudicial punishment, we specifically find the unsuspended bad-conduct discharge appropriate in this case notwithstanding appellant's desire that one not be adjudged.

 As to the second summary assignment of error, we find that any error in summarizing the content of appellant's case in extenuation and mitigation was waived by trial defense counsel's failure to comment in response to the staff judge advocate's recommendation. Rule for Courts–Martial 1106(f)(6), Manual for Courts–Martial, United States, 1984. We find the third assignment of error to be without merit. *United States v. Gacioch*, 33 M.J. 727 (N.M.C.M.R.1991).

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Judge REED and Judge LAWRENCE concur.