**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman JESSICA M. COMBS**
**United States Air Force**

**ACM S32216**

**18 December 2014**

Sentence adjudged 3 December 2013 by SPCM convened at Holloman Air Force Base, New Mexico. Military Judge: Bradley A. Cleveland (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, forfeitures of $1,010.00 pay per month for 1 month, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Roberto Ramírez and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

The appellant providently pled guilty to a single specification of wrongful use of ecstasy on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. A military judge sitting alone as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for 6 months, forfeiture of $1,010 pay per month for 1 month, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved only 5 months of the confinement, but he approved the remainder of the sentence as adjudged.

The appellant asserts the following errors: (1) there are post-trial processing errors because the two addendums to the staff judge advocate's recommendation both fail to mention the legal errors raised by the appellant; and (2) both addendums raise new matters and the second addendum was never served on the appellant or her counsel. We also consider whether the appellant's sentence is inappropriately severe.

*Background*

Pursuant to a pretrial agreement (PTA), the appellant pled guilty to divers use of ecstasy (3-4, methylenedioxymethamphetamine). The appellant admitted that she ingested a total of three and a half pills on different occasions: before an Oktoberfest celebration on Holloman Air Force Base; off base at a friend's house-party in Alamogordo, New Mexico; and while on leave in Las Vegas. She described the effect of the ecstasy as giving her energy and making her feel "dancy."

*Post-Trial Processing*

The staff judge advocate's recommendation (SJAR) advised the convening authority to comply with the PTA and "only approve so much of the sentence that calls for reduction to the grade of E-1, confinement for 5 months and forfeitures of $1,010 pay per month for 1 month." The SJAR did not mention the bad-conduct discharge (BCD) even though the convening authority's ability to approve this portion of the sentence was not limited by the PTA. In her request for clemency, the appellant and her trial defense counsel both petitioned the convening authority not to approve the bad-conduct discharge. Trial defense counsel specifically noted that the appellant had completed all but two months of her sentence to confinement and that while the appellant would appreciate a two-month reduction in confinement, "she directs her request for relief in clemency at a set-aside of her BCD." Each of the three letters from co-workers specifically requested that the convening authority set aside the BCD.

The staff judge advocate prepared an SJAR addendum on 14 February 2014. He noted the error in omitting the BCD from his earlier recommendation. The appellant signed a receipt for this addendum on 26 February 2014. The record does not contain a receipt from trial defense counsel; instead it includes a memo from one of the SJA's paralegals that the SJAR and addendum were served on trial defense counsel. A second addendum was prepared on 11 March 2014. This second addendum was identical to the first with the only addition of including a draft action for the convening authority.

The appellant now claims that she is entitled to new post-trial processing as the addendums introduced new matters; namely, the approval of the bad-conduct discharge. The appellant also claims that the addendums failed to comment on legal errors raised in the clemency submission.

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). When reviewing post-trial errors, we recognize the convening authority is an appellant's "best hope for sentence relief." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (quoting *United States v. Bono*, 26 M.J. 240, 243 n.3 (C.M.A. 1988)) (internal quotation marks omitted). The convening authority, not a court of criminal appeals, is empowered to grant clemency for equitable reasons. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005). The appellant can prove a colorable showing of possible prejudice by stating what, if anything, he would have submitted to deny, counter, or explain matters submitted by the Government. *United States v. Gilbreath*, 57 M.J. 57, 61 (C.A.A.F. 2002).

Failure to comment in a timely manner on matters in the staff judge advocate's recommendation, or matters attached to the recommendation, forfeits[1] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *Scalo*, 60 M.J. at 436. "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). Finally, even if error occurred, such an error "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.* Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least some "colorable showing of possible prejudice in terms of how the [perceived error] potentially affected [her] opportunity for clemency." *Scalo*, 60 M.J. at 437.

---

[1] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005), both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), recognized that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that while waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, forfeiture is "the failure to make the timely assertion of a right," leading to plain error review on appeal. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __, ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

Here the appellant claims there is "no evidence in the record that the appellant was given any opportunity to address this change in the recommendation, or new matter." We disagree. The first addendum was served on both the appellant and her trial defense counsel on 26 February 2014. No further post-trial processing occurred until the second addendum was prepared on 11 March 2014. Thus the appellant and her counsel had over 10 days to respond to this alleged "new matter." *See Rule for Court-Martial* 1107(f)(7). We find no error.[2]

The appellant also claims that the SJA failed to address the allegations of legal error raised in her clemency materials. Rule for Courts-Martial 1106(d)(4) requires the staff judge advocate to state whether corrective action on the findings or sentence should be taken when the defense clemency submissions allege legal error. Such response "may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required." Rule for Courts-Martial 1106(d)(4). Both of the addendums state that no legal errors were raised by the appellant or her counsel. However, "if a defense allegation of legal error is presented after trial but clearly has no merit, the accused is not entitled to relief merely because of failure by the staff judge advocate to state specifically in his recommendation that the assigned error lacked merit." *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988).

The appellant asserts that several legal errors were raised in her clemency materials. None of the "legal errors" now identified on appeal were identified as such in the clemency petition. Instead the appellant has extracted issues in her submission, her counsel's submission, or letters submitted on her behalf, and has now labelled them as legal errors.[3] We find any alleged "legal errors" to be without merit. We examine each alleged "legal error" addressed in the clemency briefly. First, the appellant alleges that the legal office was slow to release exculpatory material. However, the material was provided prior to trial and the specification in question was withdrawn with prejudice as part of the pretrial agreement. This claim is without merit. The appellant then asserts that her generalized comments throughout the clemency petition about sentence comparison and sentence appropriateness is an allegation of "legal error." We find this was not sufficiently developed to be a "legal error" as opposed to a generalized request for clemency. Furthermore, we conduct our own analysis below on this issue and find it to be without merit. Last, the appellant alleges that her complaints about solitary confinement while in a civilian confinement facility alleged a legal error of violations of the Eighth Amendment.[4] Routine conditions of administrative segregation do not

---

[2] Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.20.2.1 (6 June 2013), requires a second or additional addendum only when the first addendum contains new matters.

[3] While not required, trial defense counsel are encouraged to clearly identify any legal errors as such in the clemency petitions. This would aid in the advocacy of their client both at the stage of clemency to the convening authority and on appeal when forfeiture and waiver are examined.

[4] U.S. CONST. amend. VIII.

constitute cruel and unusual punishment under an Eighth Amendment analysis absent deprivation of life's necessities or infliction of unnecessary pain. *United States v. Avila*, 53 M.J. 99, 102 (C.A.A.F. 2000). We find this claim to be without merit.

*Sentence Appropriateness*[5]

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *Nerad*, 69 M.J. at 146; *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

> "Absent evidence to the contrary, accused's own sentence proposal is a reasonable indication of its probable fairness to him." *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A. 1979) (citing *United States v. Johnson*, 41 C.M.R. 49, 50 (C.M.A. 1969)). Of course, a court-martial can adjudge a sentence less than the limits in a PTA and may consider sentencing factors distinct from those in front of the convening authority. *Id*. An appellant who has been prejudiced by error may be entitled to sentence relief even if the adjudged sentence is less than limitation in the PTA. *United States v. Kinman*, 25 M.J. 99 (C.M.A. 1987). We recognize that the application of *Hendon* has been limited by our Navy colleagues in *United States v. Brandon*, 33 M.J. 1033 (N.M.C.M.R. 1991), and again in *United States v. Payne*, 1996 WL 927728, (N.M.C.M.R 1996). We have previously cited *Hendon* and relied on its rationale. *See United States v. El-Amin*, 38 M.J. 563 (A.F.C.M.R. 1993).

*United States v. Cron*, 73 M.J. 718, 736 n.9 (A.F. Ct. Crim. App. 2014).

---

[5] "The Courts of Criminal Appeals are required to engage in sentence comparison only in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)) (internal quotation marks omitted). We do not conduct a sentence comparison analysis as the appellant has only vague references in her clemency petition to other Airmen who received lighter sentences.

Here the appellant was convicted of ingesting three and a half pills of ecstasy at a few locations. She neither distributed the ecstasy nor is there any evidence that her use endangered anyone other than herself. She pled guilty and "saved the government the significant time and expense of a litigated court-martial." Her misconduct is further mitigated by the positive character letters on her behalf by co-workers who saw the appellant improve her performance in the months before the court-martial. However, her service record is also blemished. She received nonjudicial punishment for drinking alcohol while underage, only three months after she entered active duty. Her 4 January 2012 enlisted performance report indicates she did not meet standards due to an incident where she was caught drinking on duty. She also received a letter of counseling for being asleep on duty and a letter of reprimand for failing to report to work on time.

We also consider the limits of the PTA that the appellant voluntarily entered into with the convening authority. The appellant received the benefit that a specification alleging distribution was withdrawn. The appellant voluntarily agreed to a sentence cap that limited confinement to no more than 5 months but did not prevent the convening authority from approving a punitive discharge. We find no legal error and that the appellant is not entitled to any additional relief beyond the negotiated benefit of the PTA.

We have reviewed and considered this particular appellant, the PTA limits, the nature and seriousness of her offenses, her record of service, and all matters contained in the record of trial, including her arguments on appeal. We find the appellant's approved sentence appropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court